REY CAFE COFFEE COMPANY, INC., PLAINTIFF *v.* WINSTON E. PITMAN, DISTRICT DIRECTOR OF CUSTOMS, MIAMI, FLORIDA; AND THE UNITED STATES CUSTOMS SERVICE, DEFENDANTS

(Court No. 83-3-00413)

(Dated March 23, 1983)

Before BOE, *Judge.*

Sandler & Travis (*Paul E. Linet* and *Robert I. Targ),* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Susan L. Handler-Menahem*) for the defendants.

BOE, *Judge:* The plaintiff, a corporation existing under the laws of the state of New Mexico with its principal place of business located in Albuquerque, New Mexico, is engaged in business as a coffee broker. On or about February 15, 1983, plaintiff sought to import into the United States at the port of Miami, Florida, 3,500 bags of coffee.

The subject importation lacked a proper certificate of origin required for the entry of coffee into the United States pursuant to the International Coffee Agreement to which the United States subscribes. 19 U.S.C. §§ 1356(a)(1) and 1356(f)(1)(B). Plaintiff thereupon posted an approved Customs bond in an amount equal to the value of the merchandise, assuring that the certificate of origin would be filed. Entry of the subject merchandise was denied by Customs.

Plaintiff provided the customs service with a certificate indicating Trinidad as the country of origin. The customs service, noting that the markings on the subject merchandise bore the designation, Guatemala, determined that the said merchandise originated in that country (Guatemala). This was admitted by the plaintiff.

After several discussions between the plaintiff and the Director of Customs, Miami, Florida, in an attempt to resolve a rejection of the subject merchandise, a letter under date of March 14, 1983, was directed to plaintiff by the said Director of Customs, Miami, Florida, providing as follows:

> This letter is to advise you that your coffee shipment of 3,500 bags (Customs Entry Number 83-177907-6) is not legally documented. You have the following two options:
>
> (1) Export the coffee under Customs control, after depositing with this office an irrevocable letter of credit or negotiable instrument in the amount of 40% of its domestic value ($667,188). The net amount to be submitted to this office would be $266,875.20; or
>
> (2) Not pay the foregoing and have Customs formally seize the entire shipment.
>
> This office must be notified of your decision prior to 4:30 P.M. of March 18, 1983.

On March 17, 1983, the plaintiff made application to the Director of Customs, Miami, Florida to permit the subject merchandise to be entered into the "free-trade zone" as zone restricted merchandise pursuant to 19 CFR § 146.25. This application was denied by Customs.

Counsel for plaintiff alleges that on or about March 18, 1983, they were informed by a customs service official that the subject merchandise had been formally placed under seizure.

The instant proceeding has regularly been brought on for hearing pursuant to an application by the plaintiff for a Temporary Restraining Order seeking to enjoin the defendants, *inter alia,* from seizing or otherwise detaining or continuing to seize or detain the subject merchandise consisting of 3,500 bags of coffee presently in the custody of Customs.

Upon considering the files and records and the memoranda briefs submitted by respective counsel and having heard the argument of counsel and the court having presented orally its opinion and decision with respect to plaintiff's application, which said oral decision

is a part of the official record in the proceeding and, accordingly, is made a part hereof by this reference, the court finds:

The granting of plaintiff's application for a Temporary Restraining Order does not fulfill the purpose of injunctive relief and maintain the status quo of the merchandise in question, but, in fact, changes the status thereof so as to possibly destroy any right the customs service might have to enforce the obligation and remedies provided for in 19 U.S.C. § 1592, if, in fact, such remedies are ultimately determined to be warranted and enforceable. *Hamilton Watch Co.* v. *Benrus Watch Co.,* 206 F. 2d 738, 740 (2d Cir. 1953).

From the record it appears that customs has failed to comply with the statutory requirements relating to the assessment of penalties under section 1592 as well as with respect to the seizure of any property thereunder. Notices as required by the statute and the customs regulations do not appear to have been given. 19 CFR § 162.77. The time limits imposed by customs in responding to the determinations made in connection with the subject merchandise do not accord with the statutory provisions of section 1592 nor with the customs regulations implementing the same. 19 CFR § 162.78.

Counsel for the plaintiff admit to the court that no attempt has been made by the plaintiff to file with the Secretary of the Treasury a petition for either a remission or mitigation of any purported assessed penalty in the manner as provided by 19 U.S.C. § 1618.

The court concludes, from the record presented to the court as well as from the arguments presented by respective counsel, not only that doubt exists as to the validity of any present proceedings instituted by the customs service with respect to the subject merchandise, but also that the application of the plaintiff for a Temporary Restraining Order has been prematurely brought before this court in not having properly exhausted the administrative remedies presently afforded to it by the statutes of the United States and customs regulations. The intervention by this court in granting injunctive relief cannot be justified in the absence of a more specific showing of immediate irreparable harm or damage resulting to the plaintiff.

Now therefore, it is hereby

ORDERED and ADJUDGED that the application of the plaintiff for a Temporary Restraining Order be and is hereby denied.